**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL WINDHAM, Jr., | No.   17-17113 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01058-MCE-CKD |
| v. | |
| MANUEL SABIN; ZITONG YUN, R.N., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges

California state prisoner Samuel Windham, Jr. appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2004). We affirm.

The district court properly granted summary judgment because Windham failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in the treatment of Windham's leg skin grafts. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; a difference of opinion concerning the course of treatment, medical malpractice, and negligence in diagnosing or treating a medical condition do not amount to deliberate indifference).

The district court did not abuse its discretion by denying Windham's motion for appointment of counsel because Windham did not demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Windham's state law negligence claim. *See Fichman v. Media Ctr.*, 512 F.3d 1157, 1162-63 (9th Cir. 2008) (district court does not abuse its discretion in declining to exercise supplemental jurisdiction over state claims after granting summary judgment on federal claims).

We reject as meritless Windham's contentions that he stated a colorable Fourteenth Amendment claim in his operative complaint, his Seventh Amendment

2                                                                                    17-17113

right to a jury trial was violated, and his procedural due process rights were violated when his action was removed without his consent to federal court.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**